Argued and submitted September 12, 1997, proceeding dismissed as moot
February 2, 1998

Inquiry Concerning a Judge re:

The HONORABLE EDWARD N. FADELEY,
*Accused.*

(CJFD 95-112; SC S44234)

953 P2d 373

Daniel O'Leary, of Davis Wright Tremaine, LLP, Portland, argued the cause and filed the briefs for accused.

Mary Mertens James, Special Counsel, Portland, argued the cause and filed the brief for the Commission of Judicial Fitness and Disability.

Before Gillette, Presiding Justice, Van Hoomissen, Graber, and Durham, Justices, and Edmonds, Justice pro tempore.*

PER CURIAM

---

* Carson, C. J., and Fadeley and Kulongoski, JJ., did not participate in the consideration or decision of this case.

**PER CURIAM**

■   This case is before the court on mandatory direct review of a recommendation of the Commission on Judicial Fitness and Disability (Commission) that the accused be sanctioned for certain alleged misconduct as a judge. Or Const, Art VII (Amended), § 8; ORS 1.430. In such cases, this court reviews the matter *de novo* on the record. *See* ORS 1.430(1) (so providing); *In re Gallagher*, 326 Or 267, 285-87, 951 P2d 705 (1998) (demonstrating process). After a period for briefing, oral argument was held in this court and the matter was taken under advisement.

While the case was under advisement, an event occurred that raised questions concerning the ongoing status of the proceeding: The accused announced that, due to serious illness, he was resigning his judicial position, effective at the end of the day on January 31, 1998. As is the practice of this court when events that may affect materially the course of the proceeding occur subsequent to a case being taken under advisement, this court directed inquiries to the parties seeking their respective views as to the significance, if any, of the accused's announced retirement.

■   The court now has received the responses from the parties. The accused, responding through counsel, states:

> "[The accused], by retiring pursuant to the terms of ORS 238.535(1)(a) * * *, intends to foreclose any possibility of future judicial service. Since that is the case, the pending disciplinary case is moot * * *."

The Commission, for its part, states:

> "The Commission's opinion that [this case] * * * is moot is conditioned on [the accused's] representation that he will never again serve in any judicial capacity. It appears [that the accused] makes such a representation * * *. Accordingly, the Supreme Court may declare the status of the case moot after January 31, 1998."

Having considered the submissions of the parties and having examined the pertinent law, we, too, conclude

that this case now is moot. Accordingly, this proceeding is dismissed as moot.

Proceeding dismissed as moot.